UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL L. JORDAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN FRANCISCO POLICE OFFICER ESPINOZA (#530), et al.,<br><br>　　　　Defendants. | Case No. 14-cv-02113-YGR (PR)<br><br>**ORDER DENYING PLAINTIFF'S *PITCHESS* MOTION; AND DENYING MOTION TO POSTPONE HIS DEPOSITION** |

Before the Court are Plaintiff's motions entitled, "Motion for (Background History) Pictures [sic] Motion on All Officers," which will be construed as his *Pitchess* Motion, and his "Administrative Request to Extend Time to Waive Service and Answer," which will be construed as his motion to postpone his deposition. Dkts. 24, 27.

**I.　PLAINTIFF'S *PITCHESS* MOTION**

Plaintiff requests information from Defendants, including the "name[s] and badge numbers of the California Highway Patrol Officers . . . involved in the triffic [sic] stop and arrest made on May 24, 2012 . . . ." Dkt. 24 at 1. It seems that Plaintiff is attempting to submit a *Pitchess* motion, which is usually filed in state court and allows a criminal defendant to ask the court to force disclosure of officers' personnel records. *See* Cal. Penal Code § 1043; *Pitchess v. Superior Court*, 11 Cal. 3d 531 (1974). The Court DENIES Plaintiff's *Pitchess* motion because it is based upon state law and is not applicable in this Court. Dkt. 24.

Even if the Court were to construe Plaintiff's *Pitchess* motion as a discovery motion requesting the aforementioned information from Defendants, it is Plaintiff's responsibility to serve any future discovery requests directly on Defendants. Only when the parties have a discovery dispute that they cannot resolve among themselves should they ask the Court to intervene in the discovery process. The Court does not have time or resources to oversee all discovery disputes

and therefore requires that the parties present to it only their very specific disagreements. To promote this goal of addressing only very specific disagreements, federal and local discovery rules require the parties to meet and confer to try to resolve their disagreements before seeking court intervention. *See* Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local Rule 37-1. Because Plaintiff is incarcerated he is not required to meet and confer with Defendants in person. Rather, if his discovery requests are denied and he intends to seek a motion to compel he need only send a letter to Defendants to that effect, offering them one last opportunity to provide him the sought-after information.

## II.   PLAINTIFF'S MOTION TO POSTPONE HIS DEPOSITION

On April 6, 2015, Plaintiff filed a motion entitled, "Administrative Request to Extend Time to Waive Service and Answer," in which he requests for a postponement of his deposition. Dkt. 27 at 3. Therefore, the Court finds the aforementioned motion is incorrectly entitled and instead construes it as a motion to postpone his deposition. Plaintiff claims that Defendants sent him a "Notice of Taking Deposition of Plaintiff" stating that they have scheduled to take his deposition on May 6, 2015 at 10:00 am. Plaintiff expresses his concerns over attending this deposition stating that he "is not prepared for the deposition because the documents that Defendants' attorney is requesting, [he] ha[s] not received yet." *Id.* Plaintiff requests a postponement of ninety days in order for him to "be prepared for the production of documents." *Id.* In addition, Plaintiff claims that, at the time he drafted the instant motion, he was still waiting for the Court to respond to his pending motion for appointment of counsel. *Id.*

In the Court's Order of Service, the Court granted Defendants leave to depose Plaintiff and any other necessary witnesses confined in prison pursuant to Rule 30(a)(2) of the Federal Rules of Civil Procedure. Dkt. 14 at 7. Defendants have therefore properly noticed the deposition for May 6, 2015, and Defendants' attorney will travel to Plaintiff's prison with a court reporter on that day for the deposition. Plaintiff alleges that Defendants used excessive force on him during the course of his May 24, 2012 arrest. The amount of force used by Defendants as well as the circumstances surrounding such allegations are critical to determining the viability of Plaintiff's claim. Moreover, Plaintiff's evidence will largely consist of his version of the events. Defendants are

entitled to discover Plaintiff's version of the events in order to properly evaluate the case, the possibility of a dispositive motion and/or settlement, and their trial strategy.

In the instant motion, Plaintiff fails to provide a sufficient explanation for why he is not prepared to have Defendants take his deposition. He does not elaborate on how any delay in the "production of documents" relates to the taking of his deposition. He also does not specify what particular "documents" were requested and how they relate to his excessive force claim. Finally, the Court has since denied Plaintiff's motion for appointment of counsel. Dkt. 29. Therefore, any request to have counsel appointed to represent him at his deposition would have also been denied.

Because the Court has previously granted Defendants leave to depose Plaintiff, and Plaintiff shows no good cause for postponing the deposition, his motion is DENIED. Dkt. 27. Plaintiff shall attend Defendants' properly noticed deposition on May 6, 2015, even if he is not represented by counsel.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's "Motion for (Background History) Pictures [sic] Motion on All Officers" is DENIED. Dkt. 24.

2. Plaintiff's "Administrative Request to Extend Time to Waive Service and Answer," which has been construed as his motion to postpone his deposition, is DENIED. Dkt. 27.

3. This Order terminates Docket Nos. 24 and 27.

IT IS SO ORDERED.

Dated: April 27, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge