UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL L. JORDAN,<br>    Plaintiff,<br>  v.<br>J. ESPINOZA, et al.,<br>    Defendants. | Case No. 14-cv-02113-YGR (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DENIAL OF APPOINTMENT OF COUNSEL** |

Plaintiff Gabriel L. Jordan, a state prisoner currently incarcerated at the California Medical Facility, filed this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that he was subjected to unconstitutionally excessive force by Defendants in the course of his arrest on May 24, 2012.

Before the Court is Plaintiff's "Ex Parte Request for Appointment of Counsel" (dkt. 75), which will be construed as his Motion for Reconsideration of the Court's denial of his request for appointment of counsel.

Plaintiff's initial requests for the appointment of counsel were denied.[1] He now requests the Court to reconsider its denial of his requests for appointment of counsel. Such a request is hereby DENIED.

In his motion for the Court to reconsider its prior ruling and appoint counsel to represent him, Plaintiff proposes that the Court assign counsel for the following reasons: to assist Plaintiff in order to "properly prepare for the settlement conference"; and to "conduct extensive interviews with the transporting Emergency Medical Technicians "EMTs", and the Emergency Room Physicians," including "Plaintiff's treating physician." Dkt. 75 at 4-5.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to

---

[1] On April 17, 2015, the Court denied Plaintiff's initial request for appointment of counsel. Dkt. 29. On July 22, 2015, the Court denied Plaintiff's second motion for appointment of counsel. Dkt. 41.

counsel in a section 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The Court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id*. at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id.*

The Court has recently conducted a careful review of all admissible evidence submitted in connection with Defendants' previously-filed Motion for Summary Judgment. Taking into consideration this review, and Plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved, the Court finds that exceptional circumstances entitling Plaintiff to court appointed counsel do not exist at this time. Accordingly, the request that the Court reconsider its initial denial of Plaintiff's requests for appointment of counsel is DENIED without prejudice to renewing his request if this action is not resolved after the upcoming settlement proceedings.[2]

This Order terminates Docket No. 75.

IT IS SO ORDERED.

Dated: April 15, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge

---

[2] The parties are scheduled to appear before Magistrate Judge Nandor Vadas for settlement proceedings on August 15, 2016 at 11:00 am.